UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MIKEAL GLENN STINE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00006-JRS-DLP |
| | ) | |
| T. WATSON Mr., Complex Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for a Writ of Habeas Corpus and
Directing Entry of Final Judgment**

Petitioner Mikeal Glenn Stine is currently in the custody of the Federal Bureau of Prisons (BOP). He brings this action pursuant to 28 U.S.C. § 2241 alleging that he was incorrectly sentenced as a career offender. For the reasons explained below, Mr. Stine's petition is denied, and this action shall be dismissed with prejudice.[1]

### I.   Background

#### *A.   Underlying Conviction and Direct Appeal*

On September 18, 2003, Mr. Stine was charged by superseding indictment in the U.S. District Court for the Southern District of Texas with: (1) aiding and abetting bank robbery by force and violence (Count One); and (2) conspiracy to commit various bank robberies by force (Count Two). Dkt. 19 at 3.[2] Mr. Stine was tried by a jury and found guilty of both counts. *Id.*

Prior to sentencing, a U.S. Probation Officer prepared a Presentence Investigation Report (PSR). Dkt. 19. Mr. Stine's adjusted total offense level was 29. *Id.* at 8. He was found to be a career

---

[1] Mr. Stine requested oral argument on his petition. The Court concludes that oral argument is not necessary.

[2] Citations to this document are to the original page numbers, not the page numbers "stamped" on the document when it was filed in CM/ECF.

offender within the meaning of United States Sentencing Guideline ("U.S.S.G.") §§ 4B1.1 and 4B1.2 based on the following convictions: (1) conspiracy to commit sexual assault (Case No. CR 128172, Superior Court, Phoenix, Arizona); (2) escape from custody (Case No. 97CR00512-001-PHX-RGS, U.S. District Court for the District of Arizona); and 3) escape from custody (Case No. 99CR00155-001-PHX-PGR, U.S. District Court for the District of Arizona). *Id.* at 11–13. According to the PSR, the first escape occurred when Mr. Stine signed out of a community corrections center but failed to return. *Id.* at 12. The PSR also reported that the second escape occurred when Mr. Stine arranged to have bail posted for another inmate, responded when a detention officer called for that inmate, and went through the release process as the other inmate. *Id.* at 13.

Because Mr. Stine was designated as a career offender, his offense level became 32. Based on a total offense level of 32 and a criminal history category of VI, his guideline range was 210 to 262 months' imprisonment. *Id.* at 20.[3] The statutory maximum for Count One was 20 years' imprisonment, and the statutory maximum for Count Two was 5 years' imprisonment. *Id.*

Mr. Stine was sentenced as a career offender. *See United States v. Stine*, 122 F. App'x 103, 103 (5th Cir. 2005), *opinion withdrawn and later reinstated by* 2005 WL 6225365 (5th Cir. May 24, 2005). In April 2004, he received a sentence of 240 months of imprisonment for Count One and 22 months of imprisonment for Count Two, to run consecutively, for a total of 262 months. *See United States v. Stine*, No. 6:03-cr-00044-2 (S.D. Tex.) ("Cr. Dkt."), dkts. 103, 104. Mr. Stine appealed. He argued that his escape convictions did not qualify as "crimes of violence" for purposes of establishing career offender status. *Stine*, 122 F. App'x at 103. The Fifth Circuit rejected his argument, reasoning that his argument was foreclosed by *United States v. Ruiz*, 180

---

[3]Because Mr. Stine was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), was decided, the guidelines were mandatory.

2

F.3d 675, 676–77 (5th Cir. 1999), which held that every escape is "by its nature" a crime of violence. *Stine*, 122 F. App'x at 103–04. Mr. Stine also argued that his conviction for conspiracy to commit sexual assault was not a "crime of violence," but the Fifth Circuit found that he waived the issue by failing to brief it. *Id.* at 104. The Fifth Circuit withdrew its opinion for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005), but later reinstated the entirety of its earlier opinion, *see United States v. Stine*, No. 04-40561, 2005 WL 6225365 (5th Cir. May 24, 2005). The United States Supreme Court denied Mr. Stine's petition for a writ of certiorari on October 31, 2005. *Stine v. United States*, 546 U.S. 992 (2005).

### B.     *Previous Attempts at Collateral Review*[4]

On February 28, 2006, Mr. Stine filed a motion to vacate under 28 U.S.C. § 2255. *Stine v. United States*, No. 6:06-cv-21 ("First 2255 Dkt."), dkt. 1 (S.D. Tex.). He raised several claims but did not challenge his career offender status. *Id.* His motion was denied on November 13, 2008. First 2255 Dkts. 4, 5. He did not appeal.

On February 27, 2009, Mr. Stine filed another § 2255 motion. *Stine v. United States*, No. 6:09-cv-15 (S.D. Tex.) ("Second 2255 Dkt."), dkt. 1. In this motion, he argued that his two prior escape convictions were not "crimes of violence" for purposes of establishing career offender status. *Id.* On June 26, 2009, the district court dismissed Mr. Stine's motion because he failed to obtain permission to file a second or successive § 2255 motion. Second 2255 Dkt. 4.

---

[4]As the government notes, Mr. Stine is a prolific litigant. *See* dkt. 18 at 7 n.5; dkt. 18-1; *see also Stine v. Lappin*, No. 07-cv-01839-WYD-KLM, 2009 WL 2848849, at *3–5, 19–22 (D. Colo. Sept. 1, 2009) (finding Mr. Stine to be a vexatious litigant and enjoining him from filing future pro se lawsuits in the District of Colorado unless he meets certain requirements). A PACER search on Mr. Stine's name returns more than 140 separate civil cases in which he is a plaintiff or petitioner. Thus, it is very difficult to determine precisely how many times Mr. Stine has attempted to challenge the validity of his sentence. This summary includes the attempts of which the Court is aware.

On July 21, 2009, Mr. Stine sought permission from the Fifth Circuit to file a second or successive § 2255 petition. *In Re: Mikeal Glenn Stine*, No. 09-40742 (5th Cir.) ("App. Dkt."). He based his claim on *Begay v. United States*, 553 U.S. 137 (2008), and *Chambers v. United States*, 555 U.S. 122 (2009), which held that certain crimes are not "violent felonies" for purposes of the Armed Career Criminal Act (ACCA). He particularly relied on *Chambers*, which held that the passive offense of failing to report to a penal institution was not a violent felony. 555 U.S. at 127–30. The Fifth Circuit denied permission to file a second or successive § 2255 petition because Mr. Stine did not rely on newly discovered evidence and because neither *Begay* nor *Chambers* stated that its holding was to be applied retroactively to cases on collateral review. App. Dkt. 2.

On April 29, 2010, Mr. Stine filed a § 2241 petition in the U.S. District Court for the District of Colorado, where he was then incarcerated. *Stine v. Davis*, No. 1:10-cv-977-ZLW (D. Colo.) ("*Davis*"), dkt. 3. He again argued that, pursuant to *Chambers*, his two escape convictions should not have been considered as "crimes of violence" in calculating his sentence under the guidelines. *Stine v. Davis*, No. 1:10-cv-977-ZLW, 2010 WL 1922775, at *1 (D. Colo. May 12, 2010). The district court denied his petition, finding that Mr. Stine could not bring a § 2241 petition because his case did not meet the requirements of the "savings clause" set forth in 28 U.S.C. § 2255(e). *Id.* at *3.

Mr. Stine appealed. On December 2, 2011, the Tenth Circuit affirmed the district court. *Stine v. Davis*, 442 F. App'x 405 (10th Cir. 2011). The Tenth Circuit observed that Mr. Stine was challenging the fact (or underlying legality) of his federal sentence rather than how it was executed. *Id.* at 405. Thus, he was required to proceed under § 2255. *Id.* He had, however, already brought and lost a § 2255 motion before *Chambers* and could not currently meet the requirements for a successive § 2255 motion under § 2255(h). *Id.* Thus, he could only pursue collateral review again

4

under the so-called "savings clause" set forth in § 2255(e), which allows a petitioner to pursue a post-conviction petition under 28 U.S.C. § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (quoting § 2255(e)). The court concluded that Mr. Stine's case did not fall under the savings clause because, under Tenth Circuit precedent, he could have raised a *Chambers*-type argument in his first § 2255 petition, even though *Chambers* had not yet been decided and such an argument was then barred by binding Fifth Circuit precedent. *Id.* at 405–06. The court also noted that the result would be the same in other circuits because every other circuit to have considered the issue had held that the savings clause is inapplicable to sentence enforcement challenges. *Id.* at 406 (collecting cases). Mr. Stine filed a petition for a writ of certiorari, but it was denied. *Davis*, dkt. 24.

On January 5, 2016, Mr. Stine filed another motion with the Fifth Circuit requesting permission to file a second or successive § 2255 motion. *In re: Mikeal Stine*, No. 16-40015 (5th Cir. ) ("Second App. Dkt."), docket entry for Jan. 5, 2016. This time, he relied on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the so-called "residual clause" of the ACCA's definition of "violent felony" was unconstitutionally vague. He argued that the rationale of *Johnson* should also apply to the guidelines definition of "crime of violence," under which his sentence was enhanced. On February 25, 2016, the Fifth Circuit denied his motion, reasoning that *Johnson*'s rule had not been made retroactive to cases on collateral review. Second App Dkt., order dated Feb. 25, 2016.

On April 6, 2016, Mr. Stine filed yet another motion with the Fifth Circuit requesting permission to file a second or successive § 2255 motion. *In re: Mikeal Stine*, No. 16-40505 (5th Cir.) ("Third App. Dkt."), docket entry for April 6, 2016. This time, he argued that *Johnson* meant that his sentence was unconstitutionally vague and that he had been denied due process. *Id.* The

5

Fifth Circuit denied the motion on June 2, 2016, reasoning that *Johnson* did not address U.S.S.G. § 4B1.2(a)(2) and, even if *Johnson* did implicate § 4B1.2(a)(2), the Supreme Court had not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Third App. Dkt., order dated June 2, 2016.

Meanwhile, on May 10, 2016, Mr. Stine filed a third § 2255 motion. *See Stine v. United States*, No. 6:16-cv-26 (S.D. Tex.) ("Third 2255 Dkt."), dkt. 1. Again, he relied on *Johnson*. *Id.* On May 31, 2016, the district court denied this motion for failing to obtain permission from the Fifth Circuit to file a successive § 2255 motion. Third 2255 Dkt. 4. It also transferred the case to the Fifth Circuit. *Id.* Mr. Stine then filed another motion for permission to file a successive § 2255 motion relying on *Johnson*. *See In re: Mikeal Stine*, No. 16-40775 (5th Cir.) ("Fourth App. Dkt."), docket entry for June 16, 2016. On August 24, 2016, the Fifth Circuit denied the motion based on binding Fifth Circuit precedent denying a *Johnson*-based challenge to a sentence under U.S.S.G. § 4B1.2. Fourth App. Dkt., order dated Aug. 24, 2016.

On March 15, 2017, Mr. Stine filed a second § 2241 petition, this time in the U.S. District Court for the Central District of California, where he was then incarcerated. *Stine v. Milusnic*, No. 2:17-cv-02079-RGK-SHK (C.D. Cal.), dkt. 1. Again, he contended that *Chambers* required that he be resentenced because his two escape convictions were not "crimes of violence" for purposes of the career offender guideline. *Id.* On January 8, 2018, the court dismissed the petition. *Stine v. Milusnic*, No. 2:17-cv-02079-RGK-SHK, 2018 WL 1270618 (C.D. Cal. Jan. 8, 2018), *report and recommendation adopted by* 2018 WL 1271143 (C.D. Cal. Mar. 8, 2018). It concluded that Mr. Stine could not satisfy the savings clause (or "escape hatch," as the court called it) of § 2255(e) because, under Ninth Circuit precedent, the savings clause applies only to claims of actual innocence, not claims that a petitioner was wrongly sentenced as a career offender. *Id.* The court

6

also concluded that Mr. Stine could not avail himself of the savings clause under Ninth Circuit precedent because he could have raised a *Chambers*-type argument in his first § 2255 petition. *Id.* at *4. Finally, the court concluded that Mr. Stine's motion was really his fourth § 2255 motion and, thus, that he should have received permission from the Fifth Circuit before filing it. *Id.* It declined to transfer the case to the Fifth Circuit, however, because transfer would be futile in light of the fact that the motion fell outside § 2255's statute of limitations and could not qualify as a second or successive motion under § 2255(h). *Id.* at *4–5. Mr. Stine attempted to appeal, but the district court and the Ninth Circuit denied his requests for a certificate of appealability. *See* 2018 WL 6190324 (C.D. Cal. Apr. 10, 2018); 2018 WL 4621540 (9th Cir. Aug. 28, 2018).

### C. Current Petition

At some point, Mr. Stine was transferred to the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). While he was incarcerated there, he filed his current § 2241 petition. Dkt. 1. Again, he challenges the validity of his sentence, arguing that, under *Chambers*, his escape convictions do not qualify as "crimes of violence" for purposes of the guidelines enhancement for career offenders. *Id.* at 9–10. He also says that he has a "Mathis claim" because "18 USC 751(a) statute [governing escapes from government custody] is divisible and is allowed to be challenge at anytime due it's a constitutional challenge and should be addressed pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016)." *Id.* at 2, 10. He asks the Court to vacate his sentence and sentence him under "pre-Booker mandatory guidelines for 2004 as not a career offender." *Id.* at 11.

The Court ordered the government to show cause why the relief sought by Mr. Stine should not be granted. Dkt. 4. The government filed its return to the order to show cause, dkt. 18, and Mr. Stine replied, dkt. 25.

7

After Mr. Stine replied, he filed a notice stating that he had been transferred to the U.S. Penitentiary in Tucson, Arizona ("USP Tucson"). Dkt. 27. The BOP website confirms that Mr. Stine is currently incarcerated at USP Tucson.

## II.     Discussion

### A.  *Effect of Mr. Stine's Transfer*

Before addressing the particulars of Mr. Stine's petition, the Court must address the effect of Mr. Stine's transfer outside the Southern District of Indiana. Under 28 U.S.C. § 2241, "the district court is required to have jurisdiction over the custodian of the petitioner." *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla,* 542 U.S. 426, 443, 447 (2004). The Seventh Circuit has concluded, however, that "[w]hether the court has jurisdiction over the custodian is determined at the time the petition is filed." *Ross*, 536 F.2d at 1201. Thus, a district court retains jurisdiction over a § 2241 petition even if the petitioner is transferred outside its boundaries. *Id.* at 1202. Accordingly, this Court has jurisdiction to rule on Mr. Stine's petition even though he has been transferred outside the Southern District of Indiana.

### B.  *Merits of the Petition*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015). As Mr. Stine has learned, however, a petitioner is not entitled to unlimited § 2255 motions. Instead, under § 2255(h) a petitioner can only bring a second or successive § 2255 motion if a panel of the appropriate court of appeals certifies that it contains: (1) "newly discovered evidence that, if proven and viewed in

light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Mr. Stine does not claim to have any newly discovered evidence. Moreover, the "new"[5] cases on which he relies—*Chambers* and *Mathis*—are cases of statutory interpretation and did not announce new rules of constitutional law. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce such a [new rule of constitutional law]; it is a case of statutory interpretation."); *Zollicoffer v. Rios*, No. 10-cv-1238, 2010 WL 3211061, at *1, 2 (C.D. Ill. Aug. 12, 2010) (citing *Zollicoffer v. United States*, No. 10-1615 (7th Cir. Mar. 22, 2010) (*Chambers* defined a statutory term and did not announce a constitutional rule). Thus, he cannot proceed under § 2255.

Under very limited circumstances, however, a prisoner may employ § 2241 to challenge his federal conviction or sentence. *Webster*, 784 F.3d at 1124. This is because "[§] 2241 authorizes federal courts to issue writs of habeas corpus, but § 2255(e) makes § 2241 unavailable to a federal prisoner unless it 'appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the] detention.'" *Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018). Section 2255(e) is known as the "savings clause." The Seventh Circuit has held that § 2255 is "'inadequate or ineffective' when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree*, 910 F.3d at 313 (*citing e.g., In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013); *Webster*, 784 F.3d at 1123)). Whether § 2255 is

---

[5]The Court says "new" because Mr. Stine has been relying on *Chambers* since at least 2009 and because *Mathis* was decided before the § 2241 petition he filed in the Central District of California in 2018 (although he failed to raise it in that petition).

inadequate or ineffective "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). The Seventh Circuit has found that § 2255 is inadequate or ineffective to address novel developments in law if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).[6]

Mr. Stine seeks to avail himself of the savings clause based on novel developments in the law. For his "new rules," he relies on *Chambers* and *Mathis*. He argues that, under *Chambers*, his escape convictions should not qualify as "crimes of violence" for purposes of U.S.S.G. §§ 4B1.1 and 4B1.2, and, thus, that he should not have been sentenced as a career offender. Dkt. 25 at 2. In emphasizing that the sentencing guidelines were misapplied, he notes that, when he was sentenced in a 2013 case in the District of Colorado, the district court concluded that he was not a career offender in part because it concluded that his prior escapes were not crimes of violence.[7] *Id.* at 3. As to *Mathis*, Mr. Stine argues as follows: "18 USC 751(a) [the federal escape statute] is divisible and is allowed to be challenge at anytime due it's a constitutional challenge and should be addressed pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016)." Dkt. 1 at 10.

---

[6]The Seventh Circuit has recently noted that its prior precedents do not necessarily "rigidly describe the outer limits of what might prove that section 2255 is inadequate or ineffective to test the legality of a person's detention." *See Purkey v. United States*, 964 F.3d 603, 611–12 (7th Cir. 2020) (internal quotation omitted). Because this case does not require the Court to go outside the Seventh Circuit's existing precedents, however, the Court need not decide the precise limits of the savings clause.

[7]In making this argument, Mr. Stine refers to *United States v. Stine*, No. 1:13-cr-00491-CMA (D. Colo). In that case, Mr. Stine was convicted of threatening to assault and murder a U.S. Magistrate Judge and an Assistant United States Attorney while incarcerated in the District of Colorado. *See United States v. Stine*, 664 F. App'x 697, 698–99 (10th Cir. 2016).

The Court will assume without deciding that Mr. Stine's claims fall within the savings clause under Seventh Circuit precedent.[8] Nonetheless, Mr. Stine's petition still must be dismissed.

The main thrust of the United States' argument is that Mr. Stine cannot pursue his claims in this case because he has already unsuccessfully tried to do so in other cases. *See* dkt. 18 at 12–13.  The Court agrees. Under 28 U.S.C. § 2244(a):

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of  a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in § 2255.

Section 2244(a) "bars successive petitions under § 2241 directed to the same issue." *Ellis v. Olson*, 27 F. App'x 620, 622 (7th Cir. 2001) (citing *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995); *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir. 1994)). Here, Mr. Stine has already filed two § 2241 petitions raising his *Chambers* argument. Both have been rejected. Section 2244(a) bars this third attempt.[9] *See id.* (affirming dismissal under § 2244(a) of a § 2241 petition that raised the same legal issue as a previously rejected § 2241 petition).

---

[8]The "Court of Appeals for the Seventh Circuit has not decided 'which circuit's law applies to a 2241 petition brought in the district of the petitioner's incarceration but challenging the conviction or sentencing determination of another district court in another circuit.'" *Roberts v. Watson*, No. 16-cv-541-bbc, 2017 WL 6375812, at *2 (W.D. Wis. Dec. 12, 2017) (citing *Salazar v. Sherrod*, No. 09-cv-619-DRH-DGW, 2012 WL 3779075, at *4 (S.D. Ill. Aug. 31, 2012)); *see also Shepherd*, 911 F.3d at 863 (declining to address whether the court should apply Seventh Circuit precedent, Sixth Circuit precedent, or "simply the law of the United States"). Because the Seventh Circuit has recently applied its own precedent in discussing the savings clause, *see, e.g.*, *Purkey*, 964 F.3d at 611–14 (discussing Seventh Circuit precedent, even though defendant was convicted in the Eighth Circuit), the Court does the same here. The Court notes, however, that if it applied Fifth Circuit precedent, Mr. Stine's petition would fall outside the savings clause. The Fifth Circuit has concluded that "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F.3d 209, 213–14 (5th Cir. 2000)).

[9]As explained, Mr. Stine cannot meet the requirements of § 2255(h) because he points to no newly discovered evidence and because the "new" cases on which he relies (*Chambers* and *Mathis*) are statutory interpretation cases, not constitutional ones.

Mr. Stine's addition of a reference to *Mathis* in his current petition does not change this result. Essentially, the United States argues that Mr. Stine's claims are barred by the abuse-of-the-writ doctrine, under which a petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991); *cf. Arnaout v. Marberry*, 351 F. App'x 143, 145 (7th Cir. 2009) (affirming dismissal of § 2241 petition because it was an abuse of the writ even though abuse of the writ is affirmative defense and the warden did not raise it "in so many words"). When applying the abuse-of-the-writ doctrine, federal courts generally decline "to entertain successive petitions under § 2241 or § 2255, unless the law [has] changed or new facts . . . come to light." *Arnaout*, 351 F. App'x at 144.

Mr. Stine's current § 2241 petition is plainly successive, even when the addition of the *Mathis* claim is acknowledged. He could have raised his *Mathis* claim in his second § 2241 petition but failed to do so. Thus, he may bring a successive § 2241 petition only if the law has changed or new facts have come to light. Mr. Stine does not claim that any new facts have come to light. And the law did not change—only Mr. Stine's location did (temporarily, as it turns out). *Cf. Davenport*, 147 F.3d at 612 (concluding, in the context of deciding whether a petitioner could invoke the savings clause and, thus, § 2241, that a "change in law" is "not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated"). To hold otherwise would allow Mr. Stine to attempt to reopen his sentence every time the BOP transfers him to a new circuit. *Cf. Cain v. Markley*, 347 F.2d 408, 410 (7th Cir. 1965) ("The fact that the motion was unsuccessful because of the controlling law in that circuit does not render the section 2255 procedure 'inadequate or ineffective.' If this were not

the rule, any adverse determination by one court of a section 2255 application would be reviewable by another court in a habeas corpus proceeding.").[10]

Mr. Stine has already filed two § 2241 petitions; he is not entitled to a third "bite at the apple" for arguments he raised or could have raised previously. *See Alsop v. Warden*, No. 9:18-CV-1233 (GTS), 2019 WL 3975655, at *4 (N.D.N.Y. Aug. 22, 2019) (dismissing § 2241 petition as an abuse of the writ where petitioner recycled the same arguments as to why his claims fell within the savings clause that were previously rejected by a district court in another circuit; noting that the petition was "essentially an attempt to get another bit[e] at the apple" (internal quotation marks and quoted authority omitted)). Accordingly, his current petition must be dismissed.

### III.    Conclusion

For the foregoing reasons, Mikeal Glenn Stine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**. The dismissal of this action is **with prejudice**. *See Ellis*, 27 F. App'x at 622 (affirming dismissal with prejudice under § 2244(a) of successive § 2241 petition); *Arnaout*, 351 F. App'x at 145 (concluding that a second petition that was an abuse of the writ was properly dismissed with prejudice). Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

---

[10] Even if Mr. Stine's *Mathis* claim was not barred as an abuse of the writ, it would fail. In *Mathis*, the Supreme Court addressed the procedures for determining whether a prior conviction qualifies as a "violent felony" for purposes of the "enumerated offenses" clause of the ACCA. 136 S. Ct. at 2250–53. The career offender guideline under which Mr. Stine was sentenced included language similar to that in the "enumerated offenses" clause of the ACCA. *See* U.S.S.G. § 4B1.2(a) (2003). But Mr. Stine's sentence was not enhanced because the sentencing court found that he committed one of the enumerated offenses. His escape convictions do not even arguably qualify as any of the offenses enumerated in U.S.S.G. § 4B1.2(a) (2003), and Mr. Stine does not argue that the sentencing court treated them as such. Notably, in repeated invocations of *Johnson* to the Fifth Circuit, Mr. Stine argued that he had been sentenced under the residual clause of § 4B1.2(a), not the enumerated offenses clause. *See, e.g.*, *In re: Mikeal Stine*, No. 16-40775, docket entry for June 16, 2016 at 5 (5th Cir.) (Mr. Stine stating, movant "was sentenced under residual clause"). Thus, as the United States argues, *Mathis* is simply inapplicable here.

Date:  8/24/2020

_James R. Sweeney II_
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mikeal Glenn Stine
Reg. No. 55436-098
USP Tucson
U.S. Penitentiary
P.O. Box 24550
Tucson, AZ 85734

All Electronically Registered Counsel